UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Teresa L. Waggoner )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>Redline Recovery Services, LLC, Harv Blevins and )<br>John and Jane Does 1 – 10, )<br>)<br>    Defendants ) | CASE NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by an individual consumer Teresa L. Waggoner ("Plaintiff") against Redline Recovery Services, LLC, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"); to obtain injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* and pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* ("UDTPA") which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

3.  Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## PARTIES

4.  The Plaintiff, Teresa L. Waggoner, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under 815 ILCS 505 § 1(c).

5.  Defendant, Redline Recovery Services, LLC, is a limited liability company engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a corporation defined under 815 ILCS 510 § 1(5), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant's principal place of business is located at 6201 Bonhomme Street, Suite 100S, Houston, Texas 77036 and may be served through its registered agent LexisNexis Document Solutions 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6.  Defendant, Harv Blevins, is a natural person and was, at all times pertinent hereto, an employee and/or agent of Defendant, RRS, and was engaged as a debt collector as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and was engaged in the business of collecting debts in this State where Defendant regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant can be served at his work address at 6201 Bonhomme Street, Suite 100S, Houston, Texas 77036 and may be served through its registered agent LexisNexis Document Solutions 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7.  Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will

be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

8. Sometime prior to October 2006, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Discover Bank credit card in the approximate amount of $11,238.64, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. On or about June 05, 2008, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements.

11. The original creditor, Discover never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

12. Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about August 04, 2008, Defendants **Redline Recovery Services, LLC** (hereinafter "**RRS**"), caused to be sent to Plaintiff, an initial communication in an attempt to collect this alleged debt. See Exhibit B attached hereto and incorporated as if fully stated herein.

13. On or about August 16, 2008, at approximately 10:14 A.M., "Harv Blevins" a representative of Defendant, **RRS**, calling from phone number 866-281-5701 ext. 4212 called Plaintiff at her husband's work phone number in an attempt to collect the alleged debt. Despite the fact that the caller, Mr. Blevins, had already called at Plaintiff's home phone number, Defendant Blevins attempted to deceive Plaintiff's husband, Mr. Matt Waggoner, by claiming that he called at Mr. Waggoner's work phone number because his records indicate that said number is listed as Plaintiff's home number, all in violation of 15 U.S.C. § 1692 c(a)(1). See Exhibit C attached hereto and incorporated as if fully stated herein.

14. During said call, Blevins, despite being an employee of Defendant, **RRS**, identified himself to be a representative of the original creditor, Discover, in violation of 15 U.S.C. § 1692e (14). See Exhibit C attached hereto and incorporated as if fully stated herein.

15. Blevins provided his phone number to Plaintiff's husband and then threatened Plaintiff's husband, Matt, with legal action against Plaintiff, by stating that "there would be legal action if she didn't call back", in violation of 15 U.S.C. § 1692 e(5). See Exhibit C attached hereto and incorporated as if fully stated herein.

16. On or about August 17, 2008, Harv Blevins, an employee and/or agent of Defendant, **RRS**, calling from phone number 866-281-5701 ext. 4212, at approximately 3:38 P.M., left a message at Plaintiff's home phone number, in an attempt to collect the alleged debt. Blevins failed to identify himself and he did not disclose his employer's name to Plaintiff, in violation of 15 U.S.C § 1692d (6). Blevins further intimidated Plaintiff by stating during his message, "I STRONGLY suggest you take responsibility and call me back or I will have no other choice" in violation of 15 U.S.C §§ 1692e and 1692e (10). See Exhibit D attached hereto and incorporated as if fully stated herein.

17. On or about August 17, 2008, at approximately 4:05 p.m., Defendant Blevins telephoned Matt Waggoner's work phone and left the following message: "I strongly suggest you take the opportunity and responsibility and call back." He added, ominously, "If you don't, you will leave me NO alternative" in violation of 15 U.S.C. §§ 1692 c(a)(1), 1692d (2) and 1692e (10). See Exhibit E attached hereto and incorporated as if fully stated herein.

18. On or about August 17, 2008, at approximately 4:26 p.m., Defendant Blevins left an additional message on Matt Waggoner's work phone. Mr. Blevins" used profane language and attempted to misstate urgency in his message "Mrs. Waggoner, this is a very time sensitive issue. WOMAN, you NEED to call me back. 866-281-5701, extension 4212." thus in violation of 15 U.S.C. §§ 1692 c(a)(1), 1692d (2) and 1692e (10). See Exhibit F attached hereto and incorporated as if fully stated herein.

19. On or about September 11, 2008 Defendant **RRS**, caused to be sent to Plaintiff, another letter concerning the collection of the alleged debt that threatened legal action against Plaintiff and threatened to refer Plaintiff's account to an attorney to

20. obtain a judgment against Plaintiff if she failed to call Defendant RRS before 8.00 pm EST on September 29, 2008, in violation of 15 U.S.C. §§ 1692e, 1692e (5) and 1692e(10). See Exhibit G attached hereto and incorporated as if fully stated herein.

20. Defendants, RRS and Blevins have continued to pursue collection activity on the alleged debt. In addition Defendants have also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed in violation of 15 U.S.C. § 1692e(8).

21. Defendants. RRS and Blevins, have a duty to comply with these restrictions on reporting of disputed amounts to the state court and any CRA, and their failure to do so is contrary to federal and state credit statutes and makes them liable under 815 ILCS 505 § 2E.

22. Defendants, RRS and Blevins, knew or should have known that they are unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff and Defendant RRS is unauthorized to do business in Illinois.

23. Defendants' actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

24. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c (a) (1), 1692d, 1692d (2), 1692d (6), 1692e, 1692e (5), 1692e (8), 1692e (10), 1692(14) and 1692f amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
### FIRST CLAIM
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

25. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 19 above as if fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

27. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

28. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

29. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

### SECOND CLAIM
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

30. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 19 above as if generally and specifically stated herein.

31. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

32. Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 § 1(f) and at issue in this case, generally this

service affects commerce and trade in this state.

33. The conduct described in paragraphs 1 - 19 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

34. Defendants unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505 § 2F.

### THIRD CLAIM
### VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT:
### 815 ILCS 510 *et seq.*

35. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 19 above as if generally and specifically stated herein.

36. The conduct described in paragraphs 1 - 19 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

37. Said conduct is generally and specifically within the meaning of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

38. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

39. The conduct described in paragraphs 1 - 19 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

40. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

### DECLARATORY AND INJUNCTIVE RELIEF

41. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1 - 35 above as if fully stated herein.

42. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA, the UDTPA and the Consumer Fraud and Deceptive Business Practices Act.

43. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the FCRA, the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*, and the UDTPA, 815 ILCS 510 *et seq.*, and Plaintiff is similarly entitled to an order enjoining said acts.

44. As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

45. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## JURY DEMAND

46. Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate.
2. Award Plaintiff actual damages.
3. Award Plaintiff punitive damages.
4. Award Plaintiff federal and state statutory damages.
5. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
6. Award Plaintiff reasonable attorney's fees and costs of this litigation.
7. Grant such other and further relief as this Honorable Court deems just and proper.

Dated: 8/3/09

Respectfully submitted,

/s/Richard J. Wasik
One of the Attorneys for Plaintiff
Teresa L. Waggoner

VERIFICATION

I, Teresa L. Waggoner hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
Teresa L. Waggoner
319 Benbrook Ct
Poplar Grove, Illinois 61065-7812

Richard J. Wasik
Barrister Legal Services, P.C.
1304 W. Washington, 1st Floor
Chicago, Illinois
312-676-1886
312-564-4015

Robert K. Lock, Jr.
R.K. Lock & Associates
7144 N. Harlem Avenue, #323
Chicago, Illinois
877-831-5588

Dated: 8/3/09

Respectfully submitted,

Richard J. Wasik
One of the Attorneys for Plaintiff
Teresa L. Waggoner

## VERIFICATION

I, Teresa L. Waggoner hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*Teresa L. Waggoner*
Teresa L. Waggoner
319 Benbrook Ct
Poplar Grove, Illinois 61065-7812

Richard J. Wasik
Barrister Legal Services, P.C.
1304 W. Washington, 1st Floor
Chicago, Illinois
312-676-1886
312-564-4015

Robert K. Lock, Jr.
R.K. Lock & Associates
7144 N. Harlem Avenue, #323
Chicago, Illinois
877-831-5588

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE NORTHERN DIVISION OF ILLINOIS and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Redline Recovery Services, LLC (Registered Agent)
LexisNexis Document Solutions
801 Adlai, Stevenson Drive
Springfield, Illinois 62703

Harv Blevins
Redline Recovery Services, LLC
6201 Bonhomme Street, Suite 100S
Houston, Texas 77036

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

/s/ Richard J. Wasik
One of the Attorneys for
Teresa L. Waggoner

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF ILLINOIS**        )
                             ) SS
**COUNTY OF** _____   )

Plaintiff Teresa L. Waggoner, having first been duly sworn and upon oath, deposes and states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every Exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_8-4-09_ _Teresa L. Waggoner_
Date            Teresa L. Waggoner

Subscribed and sworn to before me
This 4 day of August 2009.

_Sam Gilmer_
Notary Public

Sam Gilmer
Notary Public for the State of Montana
Residing at Bozeman, Montana
My Commission Expires January 15, 2012

[Notarial Seal: SAM GILMER, NOTARIAL SEAL, STATE OF MONTANA]

11